UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA M.L.,

                    Plaintiff,

         -against-

COMMISSIONER OF SOCIAL SECURITY,

                   Defendant.

No. 1:23-cv-05143

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

JENNIFER L. ROCHON, United States District Judge:

This case was referred to Magistrate Judge Gabriel W. Gorenstein on June 9, 2023, *see* Dkt. 7, then reassigned on January Magistrate Judge Gary R. Jones for a Report and Recommendation on January 3, 2024.  On January 17, 2024, Judge Jones issued a Report and Recommendation recommending that the case be remanded for further administrative proceedings; this recommendation was adopted by this Court on February 2, 2024.  Dkts. 17, 18.  On remand, the Commissioner awarded Plaintiff benefits and presently before the Court is Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b).  Dkt. 22.  Judge Jones thereafter issued a Report and Recommendation regarding Plaintiff's motion for attorney fees on December 22, 2025, recommending that the motion be granted.  *See* Dkt. 24.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  This clearly erroneous standard also applies when a party makes only conclusory

or general objections, or simply reiterates his original arguments.  *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  *See* Dkt. 24.  In addition, the Report and Recommendation expressly called the parties attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the complaint, briefing, and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law.  The Court agrees that Plaintiff's motion for attorneys' fees was timely and the contingent fee agreement was reasonable.  Finally, the Court agrees that counsel's requested fee of $27,700.50 is reasonable. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Court hereby ORDERS that Plaintiff's application for fees is granted in the amount of $27,500.50 to be paid by the Commissioner.  Counsel shall thereafter direct a refund of $15,275.00 from those fees to Plaintiff.

The Clerk of Court is directed to terminate the open motion at Dkt. 22.

Dated: January 7, 2026
        New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge